UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

CHARLES MORRELL,
    Petitioner,

v.

STATE OF CALIFORNIA,
    Respondent.

Case No. 17-cv-5645-NJV (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE**

Docket Nos. 2, 5

Petitioner, a detainee in Santa Clara County Jail, filed a pro se petition for a writ of habeas corpus pursuant. Petitioner challenges a proceeding in Santa Clara County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has submitted an application to proceed in forma pauperis and has consented to the jurisdiction of a Magistrate Judge.

It is not clear if petitioner has been convicted or if the prosecution is ongoing. Petitioner states that the judge has been speaking to the prosecutor and defense counsel without his knowledge, his attorney is not reading his letters and false medical records are being considered. It appears that petitioner seeks a new appointed attorney.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal

court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

To the extent petitioner seeks this court to interfere with ongoing state criminal proceedings, he must show cause why *Younger* does not apply and why this case should not be dismissed. If petitioner has been convicted, it does not appear that he has filed any state court appeals. Petitioner is informed that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (Docket Nos. 2, 5) is **GRANTED**.

2. Petitioner must show cause within **twenty-one (21) days**, why this case should not be dismissed pursuant to *Younger* or as unexhausted. Failure to file a response will result in this case being dismissed.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 1, 2017

NANDOR J. VADAS
United States Magistrate Judge